IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVE PRUITT AND DEBRA PRUITT,** | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:15-CV-2359-L** |
| | § | |
| **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2004-20, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-20,** | § § § § § § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Expunge Lis Pendens on an Expedited Basis (Doc. 5), filed September 22, 2015. Defendant removed this action from County Court at Law No. 3, Dallas County, Texas, on July 20, 2015. According to Defendant Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Cerificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2004-20, Mortgage Pass-Through Certificates Series 2004-20's ("Defendant") motion and Plaintiffs' pleadings: (1) Defendant purchased the residential property ("Property") that is the subject of this action and Plaintiffs' Lis Pendens Notice in a foreclosure sale after Plaintiffs filed for bankruptcy; and (2) after purchasing the Property, Defendant initiated a forcible entry and detainer action against Plaintiffs to gain possession of the Property and obtained a writ of possession to the property after Plaintiffs failed to appear at a June 8, 2015 trial. The Lis Pendens Notice filed by

**Memorandum Opinion and Order - Page 1**

Plaintiffs gives notice of this action and indicates that it was filed and recorded by Plaintiffs on August 26, 2015, with the Dallas County Clerk. Defendant requests expedited consideration of its motion based on its contention that Plaintiffs' Lis Pendens Notice violates the statutory prerequisites for filing such a notice in Texas and is jeopardizing a pending sale of the Property that is scheduled to close in approximately 30 days. On September 24, 2015, the court expedited the briefing on the motion and directed Plaintiffs to file a response by October 2, 2015. No response to the motion was filed by Plaintiffs.

A lis pendens does not operate as a lien on property. *In re Miller*, 433 S.W.3d 82, 85 (Tex. App.—Houston [1st Dist.] 2014, no pet.). It instead is a means of providing notice of the pendency of an action involving real estate and may have the effect of protecting the filing party's alleged rights to the property that are in dispute in the litigation. *Id*. A lis pendens is not an independent cause of action and has no existence separate and apart from the litigation of which it provides notice. *Id.* A notice of lis pendens, therefore, "operates only during the pendency of the lawsuit and terminates with the judgment, in the absence of appeal." *Berg v. Wilson*, 353 S.W.3d 166, 180 (Tex. App.—Texarkana 2011, pet. denied).

Defendant contends that, under Texas law, a notice of lis pendens is only proper if the pending action affects title to the property referenced in the lis pendens notice. Defendant contends that, while Plaintiffs' Notice of Lis Pendens indicates that a claim for wrongful foreclosure was asserted in this action, Plaintiffs' pleadings contain no such claim or any other claim affecting the title to the Property. Defendant contends that Plaintiffs' pleadings instead only assert claims for

breach of an unnamed contract, fraud, and breach of implied duty of good faith and fair dealing, and the only remedies sought by Plaintiffs are money damages and attorney's fees. Defendant, therefore, contends that the Notice of Lis Pendens filed by Plaintiff is improper.

Once a notice of lis pendens has been filed, the Texas Property Code provides two methods for removal of the lis pendens: (1) expunction of a notice of lis pendens under section 12.0071; and (2) cancellation of a lis pendens under section 12.008. *See* Tex. Prop. Code Ann. §§ 12.0071, 12.008 (West 2014). Defendant seeks to expunge Plaintiff's Notice of Lis Pendens pursuant to section 12.0071. Section 12.0071 identifies the following three circumstances in which the trial court presiding over the action in which a lis pendens is filed must "order the notice of lis pendens expunged" upon request by a party to the action in connection with which the notice of lis pendens has been filed:

> (1) the pleading on which the notice is based does not contain a real property claim;
>
> (2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or
>
> (3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy under Section 12.007(d).

*Id.* § 12.0071(c)(1)-(3). In determining whether a plaintiff has sufficiently pleaded a real property claim for purposes of section 12.0071(c)(1), it is sufficient if the plaintiff's pleadings request "restoration of a prior ownership interest in a particularly identified property—through actual title or a constructive trust." *In re Cohen*, 340 S.W.3d 889, 898 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding). On the other hand, a request for title to the property or a constructive trust to satisfy a money judgment against the defendant is insufficient. *Id.* at 899. Section 12.0071 further provides that notice of a motion to expunge must be served on each affected party on or before the

**Memorandum Opinion and Order - Page 3**

20th day that the motion is heard. *Id.* § 12.0071(d). As previously noted, Plaintiffs did not respond to Defendant's motion or request the court to conduct discovery regarding the motion.[1] The docket, however, reflects that Plaintiffs' attorney received notice of the motion electronically via the court's electronic case filing system on September 22, 2015, the date the motion was filed. As more than 20 days have passed since Defendant filed its motion and provided notice to Plaintiffs of the motion, it is now ripe for consideration.[2]

Because Plaintiffs allege that the Notice of Lis Pendens is based on the Property and real property claims in this case, the court concludes that it has authority under section 12.0071 to rule on Defendant's request to expunge Plaintiffs' Notice of Lis Pendens, even though the case was initially filed in state court and removed to federal court based on diversity jurisdiction. *See e.g., Naddour v. Nationstar Mortg., LLC*, No. 3:11-CV-1096-B, 2012 WL 4473127, at *1, 7 (N.D. Tex. Sept. 27, 2012) (granting the defendants' motion to expunge the lis pendens filed by the plaintiff with respect to real property at issue in a mortgage foreclosure case that was removed to federal court), *aff'd*, 553 F. App'x 435 (5th Cir. 2014).

The court further concludes that, contrary to their Notice of Lis Pendens, Plaintiffs' pleadings do not actually allege a real property claim; nor do Plaintiffs seek "restoration of a prior ownership interest in a particularly identified property—through actual title or a constructive trust." *See In re Cohen*, 340 S.W.3d at 898. While it is apparent from Plaintiffs' pleadings that their claims for

---

[1] Section 12.0071 provides that the court may permit evidence on a motion made under this section or provide for discovery by a party affected by the motion.

[2] The 20th day fell on October 12, 2015. The court, therefore, could not rule on Defendant's motion before October 13, 2015. *See In re Estate of Sanchez*, No. 04-11-00332-CV, 2012 WL 1364979, Tex. App.—San Antonio 2012, review denied) (concluding that trial court erred in expunging a notice of lis pendens before the 20th day).

breach of contract, fraud, and breach of the duty of good faith relate to the Property and Defendant's purchase of the Property in a foreclosure sale, Plaintiffs only seek as relief money damages and attorney's fees.  Additionally, although the Notice of Lis Pendens refers to claims for wrongful foreclosure and trespass to try title, neither has been asserted in this case.  Accordingly, Plaintiffs' pleadings do not allege a real property claim because they do not seek to restore their prior ownership interest in the Property.

Plaintiffs also state in their Notice of Lis Pendens that they filed an Application for Injunctive Relief. Plaintiff's Original Petition does include an Application for Injunctive Relief.  The court, nevertheless, concludes that the Application for Injunctive Relief also fails to satisfy section 12.0071(c)(1).  Even if Plaintiffs were to prevail on the claims asserted in this action, at most, they would only be entitled to recover the money damages and attorney's fees sought, which again is insufficient for purposes of section 12.0071(c)(1).  Likewise, in their Application for Injunctive Relief, Plaintiffs do not seek to restore any prior ownership interest in the Property.  They instead seek to prevent Defendant from selling the Property and evicting them from the Property.  The court, however, was unable to find any Texas case that has held that a claim or right to immediate possession or occupancy of property is sufficient to satisfy section 12.0071(c)(1)'s requirement that a plaintiff seek restoration of a prior ownership interest in property.

The court, therefore, **grants** Defendant's Motion to Expunge Lis Pendens on an Expedited Basis (Doc. 5) and **expunges**, pursuant to section 12.0071(c)(1) of the Texas Property Code, the Notice of Lis Pendens filed by Plaintiffs Steve Pruitt and Debra Pruitt in the property records with the Dallas County Clerk on August 26, 2015, at instrument number 201500228557 with respect to the real property located at "Lot 48, Block E of Ridgecove, and Addition to the City of Rowlett,

Dallas County, Texas according to the Map or Plat thereof recorded in Volume 98137, Page 110, Map Records of Dallas County, Texas." *Expungement of the Notice of Lis Pendens will not take effect until Defendant records a certified copy of this memorandum opinion and order in accordance with section 12.0071(f) of the Texas Property Code.*

**It is so ordered** this 19th day of October, 2015.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 6**