IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVE PRUITT AND DEBRA PRUITT,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-2359-L** |
| | § | |
| **THE BANK OF NEW YORK MELLON** | § | |
| **FKA THE BANK OF NEW YORK AS** | § | |
| **TRUSTEE FOR THE CERTIFICATE** | § | |
| **HOLDERS OF CWMBS, INC., CHL** | § | |
| **MORTGAGE PASS-THROUGH** | § | |
| **TRUST 2004-20, MORTGAGE PASS-** | § | |
| **THROUGH CERTIFICATES SERIES** | § | |
| **2004-20,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the court is Defendant The Bank of New York Mellon's Motion for Summary

Judgment (Doc. 14), filed August 31, 2016. On November 30, 2016, United States Magistrate Judge

David L. Horan entered the Findings, Conclusions and Recommendation of the United States

Magistrate Judge ("Report"), recommending that the court grant the summary judgment motion and

dismiss with prejudice Plaintiff Steve Pruitt's breach of contract claim and Plaintiffs' claims for

common law fraud and breach of the duty to deal in good faith, but deny the motion with respect to

Plaintiff Debra Pruitt's contract claim.

Defendant objected to the Report on December 14, 2016.  In its objections, Defendant

contends that  Debra Pruitt lacks standing to bring a contract claim against it; that she failed to state

a valid claim for breach of contract; that she presented no facts to support a breach of the deed; and

**Order – Page 1**

that her contract claim is barred by Plaintiffs' prior breach. Plaintiffs did respond to Defendant's objections or summary judgment motion.

After considering the motion, Defendant's briefs and evidence, Plaintiffs' verified pleadings, record in this case, applicable law, and Report, and having conducted a de novo review of that portion of the Report to which objections were made, the court determines that the findings and conclusions of the magistrate judge with respect to Plaintiff Steve Pruitt's breach of contract claim and Plaintiffs' claims for common law fraud and breach of the duty to deal in good faith are correct, and **accepts** them as those of the court. The court **rejects** the findings and conclusions of the magistrate judge with respect to Plaintiff Debra Pruitt's contract claim and **sustains** Defendant's objection regarding this claim, as the court determines that Plaintiffs' pleadings, while verified, are insufficient to raise a genuine dispute of material fact as to whether they performed as required under the Note and Deed of Trust.

In Texas, performance or tendered performance by the plaintiff is an essential element of a breach of contract claim. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (listing elements). Moreover, "a party to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (quoting *Gulf Pipe Line Co. v. Nearen*, 135 Tex. 50, 138 S.W.2d 1065, 1068 (Tex. Comm'n App. 1940)). In its summary judgment motion, Defendant contends that Plaintiffs cannot establish any elements of their contract claim. With respect to the element of performance, Defendant asserts that Plaintiffs cannot establish their own performance under the contract because they have not made any payments on their loan since October 2013, and their contract claim is barred by their own prior material breach of the contract in failing to pay their mortgage. Def.'s Mot. 7-8.

**Order – Page 2**

The magistrate judge determined that Plaintiffs' performance in making mortgage payments was excused because they allege that Defendant informed them not to make any payments while the loan modification negotiations were pending. The magistrate judge is correct that, under Texas law, when one party's wrongful interference prevents the other party's performance of a contract, not only is the other party's performance excused, but the interfering party has committed a breach of contract for which the other party may recover damages sustained from the breach. *See* Report 15 (citing *Longview Const. & Dev., Inc. v. Loggins Const. Co.*, 523 S.W.2d 771, 779 (Tex. Civ. App.—Tyler 1975, writ dism'd by agr.). The magistrate judge's findings in this regard, however, incorrectly assume that Plaintiffs were current on their mortgage payments and had not defaulted on their loan before they started the loan modification process and were told not to make any payment during this process. Such an assumption is not supported by the summary judgment record.

In support of its summary judgment motion, Defendant presented competent summary judgment evidence that Plaintiffs were in default because they failed to make any monthly payments after October 2013. *See* Def.'s App. 1, 2, 36. Plaintiffs, therefore, had the burden to come forward with evidence to establish that they had not defaulted under and breached the Note and Deed of Trust prior to seeking a loan modification. Plaintiffs did not respond to the summary judgment motion or come forward with any evidence in response to the motion. The magistrate judge correctly applied the no-response summary judgment standard and considered Plaintiffs' verified pleadings as evidence. Plaintiffs' verified pleadings, however, are insufficient to raise a genuine dispute of material fact because Plaintiffs do not allege that they were current on their mortgage payments when they began the loan modification process, and they acknowledge that they sought a loan modification because they were experiencing financial difficulties.

**Order – Page 3**

In this regard, Plaintiffs allege that, in an effort to remedy their financial situation, they entered into debt restructuring negotiations with Defendant to modify the terms of their Note. Plaintiffs further allege in their Original Petition, dated June 29, 2015, that they submitted financial documents as part of these negotiations "[o]ver the last several months." Pl.'s Orig. Pet. 2. Other than this oblique passing reference, Plaintiffs do not specifically state when they began debt restructuring negotiations with Defendant. As no date is alleged, the court, at most, can only reasonably infer from Plaintiffs' pleadings that they entered debt restructuring negotiations with Defendant sometime in mid 2014 to early 2015, several months before they filed their Original Petition. In light of Defendant's evidence that Plaintiffs defaulted in late 2013, Plaintiffs' allegations that they entered debt restructuring negotiations with Defendant approximately one year later is insufficient to establish or raise a genuine dispute of material fact as to whether Defendant's alleged breach with respect to any loan modification occurred *before* Plaintiffs' breach in late 2013, when they stopped making monthly mortgage payments in accordance with the Note and Deed of Trust. Accordingly, no genuine dispute of material fact exists with respect to this element of Plaintiffs' contract claim, and Defendant is entitled to judgment as a matter of law on this claim.[1]

As no genuine dispute of material fact exists with respect to any of the claims asserted by Plaintiffs, the court **grants** Defendant The Bank of New York Mellon's Motion for Summary Judgment (Doc. 14) and **dismisses with prejudice** all claims asserted by Plaintiffs in this action.[2]

---

[1] The magistrate judge determined that Steve Pruitt was judicially estopped from pursuing a contract claim based on the Note and Deed of Trust because he failed to disclose any claim asserted in this lawsuit as an asset in a bankruptcy case initiated by him. Plaintiffs' contract claim also fails with respect to both Plaintiffs for the reasons herein explained.

[2] In addition to the claims brought in this case, Plaintiff's Original Petition includes a request for a temporary restraining order ("TRO") to prevent Defendant from selling the property at issue in a foreclosure sale and evicting them from the property. Defendant asserts in its summary judgment motion that Plaintiffs' request for injunctive relief is moot because, after expiration of the TRO entered by the state court, the case was removed to federal court, and Plaintiffs were evicted from the property. The record supports Defendant's assertion in this regard, Plaintiffs did not renew their request

The court, as required by Rule 58 of the Federal Rules of Civil Procedure, will issue judgment by

separate order.

   **It is so ordered** this 3rd day of January, 2017.

                                        Sam A. Lindsay
                                        United States District Judge

---

for injunctive relief after the case was removed.  Moreover, as the court has determined that Defendant is entitled to judgment on Plaintiffs' claims, Plaintiffs cannot satisfy all elements necessary for injunctive relief in federal court.  The court, therefore, **denies** Plaintiffs' request for injunctive relief.